UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 19-CR-69(JNE/SER)

UNITED STATES OF AMERICA,

Plaintiff,

v.

GARY JAMES DOKULIL,

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Defendant, Gary James Dokulil ("Defendant"),

agree to resolve this case on the following terms and conditions. This Plea Agreement binds

only Defendant and the United States Attorney's Office for the District of Minnesota. It

does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.**  Defendant agrees to plead guilty to Count 4 of the Indictment

charging him with Distribution of Child Pornography, in violation of 18 U.S.C. §§

2252(a)(2) and 2252(b)(1), and Count 5 of the Indictment charging him with False

Statement in Application for Passport, in violation of 18 U.S.C. § 1542. In exchange for

Defendant's guilty plea, the Government agrees to move to dismiss at sentencing the

remaining counts of the Indictment. The parties agree, however, that the conduct

supporting the dismissed charges will be considered relevant conduct for sentencing

purposes.



SCANNED
SEP 13 2019
U.S. DISTRICT COURT MPLS

2.     **Factual Basis.**  Defendant agrees to the following facts and further agrees

that, were this matter to go to trial, the United States would prove the following facts

beyond a reasonable doubt:

a.     At least as early as December 2008, Defendant began using file-sharing
software to search for, acquire, and distribute over the Internet child
pornography, as that term is defined in 18 U.S.C. § 2256(8). On or about
March 20, 2013, Defendant installed uTorrent file sharing software on his
computer. Defendant used that software to search for, acquire, and distribute
over the Internet child pornography. Defendant regularly used this software
through November 15, 2018

b.     Defendant acknowledges that he typically used Torrent files to obtain
computer image and video files containing child pornography. He
acknowledges that he would download the child pornography files and store
them on his electronics. Occasionally, Defendant would stop collecting and
wipe his computer of all child pornography files. Later, however, Defendant
would re-start his collecting and distributing activities.

c.     Defendant admits and agrees that since 2011, he has traveled to the Republic
of the Philippines on approximately nine occasions. While there in 2016, he
admits he purchased several DVDs containing pornography, including child
pornography depicting children as young as 3-years old.

d.     Defendant admits and agrees that on or about July 2, 2018, in the State and
District of Minnesota, and using peer-to-peer software installed on his
computer, he knowingly distributed the following computer video files:

| File Name | Description |
|---|---|
| Daughters-girls from 12yo to 14yo having sex experiences (Hussyfan) (pthc) (r@ygold) underage.mpg | Recording running approximately 14 minutes and 31 seconds and consisting of a series of videos digitally stitched together. The first 7 minutes depict two girls approximately 12-16 years of age. The children strip naked. The video then switches to depict one of the children nude on a bed. The child uses a sex toy to rub her vagina. A brief clip of an adult male rubbing his flaccid penis on the labia of an unseen girl is spliced in. The video then switches to a close-up of a male and female engaging in vaginal intercourse. The video then switches to show two other nude females 12-16 years of age on a bed. The girls take off each other's clothes and |

2

| | |
|---|---|
| | engage in sexual touching. The man operating the camera touches the girls' genitalia |
| 022 Asian - pthc (tied 8yo Cambodian boom-boom girl fucked + raped by sex-tourist) hussyfan.mpeg | Recording running approximately 10 minutes. The video shows an adult male performing sex acts on a prepubescent female. The video depicts the child lying on her back with each wrist bound to the lower half of each leg with duct tape. In this position, the child's legs are forced apart to expose her genitalia. The male engages in vaginal intercourse with the bound child, which causes the child to wince in apparent pain. After intercourse, the male drips melted candle wax onto the vaginal area of the child, then penetrates the child's anus and vagina with sex toys. The penetration of the child with the sex toys also causes the child to wince in apparent pain. The video ends with the child still bound. Based on size, appearance, and development, the child appears to be 8-12 years of age. |

e.  Defendant admits and agrees that on November 15, 2018, law enforcement executed a valid federal search warrant at his residence. Pursuant to that warrant, law enforcement seized Defendant's electronics, his electronic media, and various travel documents, including Defendant's passport.

f.  In December 2018, Defendant spoke by telephone with the case agent conducting the investigation and asked for the return of his passport. The case agent advised Defendant that he could not return the passport because the investigation was on-going. Thereafter, on December 26, 2018, Defendant submitted an Application to the State Department for a replacement passport. Under penalty of perjury, Defendant stated that his original passport was lost or missing, which statement he knew to be false. Based on Defendant's Application, the State Department issued Defendant a replacement passport.

g.  Using the replacement passport, Defendant traveled to the Republic of the Philippines on January 10, 2019. Although Defendant originally bought a one-way ticket and a refundable ticket leaving the Philippines, he canceled his exit flight after arrival in the Philippines.

h.  Defendant admits and agrees that certain of the children depicted in the recordings he distributed are under the age of 12. Likewise, he admits and agrees that certain of the material portrays sadistic or masochistic conduct. Finally, Defendant admits and agrees that his child pornography collection involved 600 or more images.

3

3.     **Statutory Penalties**. The parties agree that the following statutory penalties apply:

a.     for Count 4, a maximum term of twenty (20) years in prison; for Count 5, a maximum term of ten (10) years in prison;

b.     for Count 4, a mandatory minimum term of five (5) years in prison; for Count 5, no mandatory minimum;

c.     for Count 4, a supervised release term of at least five (5) years up to a maximum supervised release term of life; for Count 5, a supervised release term of not more than three (3) years;

d.     for both Counts 4 and 5, a criminal fine of up to $250,000.00 for each count, for a total fine of $500,000.00;

e.     a mandatory special assessment of $100.00 for each count of conviction, for a total of $200.00, which is payable to the Clerk of Court at sentencing;

f.     payment of $5,000 to the Domestic Trafficking Victims' Fund; and

g.     payment of mandatory restitution in an amount to be determined by the Court.

4.     **Waiver of Pretrial Motions**. The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this Plea Agreement, and based upon the concessions of the United States within this Plea Agreement, Defendant knowingly, willingly, and voluntarily gives up the right to continue to pursue pre-trial motions in this case. Defendant acknowledges that his attorney has received and reviewed the discovery in this matter. Specifically, Defendant acknowledges that on July 31, 2019, his attorney reviewed the recordings charged in the Indictment.

5.     **Revocation of Supervised Release**. Defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term

4

of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6.   **Guideline Calculations**. Defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. §§ 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Nothing in this Plea Agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties stipulate that the following Guidelines calculations are applicable:

Count 4 Guidelines Calculations

a.   Base Offense Level. The parties agree that the base offense level for Distribution of Child Pornography is 22. (U.S.S.G. §2G2.2(a)(2)).

b.   Specific Offense Characteristics. The parties agree that 2 levels are added because the materials involved a prepubescent minor or a minor who had not attained the age of 12 years. (U.S.S.G. §2G2.2(b)(2)). The parties agree that 2 levels are added because the offense involved distribution. (U.S.S.G. §2G2.2(b)(3)(F)). The parties agree that 4 levels are added because the offense involved portrays the sexual abuse or exploitation of an infant or toddler. (U.S.S.G. §2G2.2(b)(4)(B)). The parties agree that 2 levels are added because the offense involved the use of a computer. (U.S.S.G. §2G2.2(b)(6)). The parties agree that 5 levels are added because the offense involved 600 or more images. (U.S.S.G. §2G2.2(b)(7)(D)).

The parties agree the total adjusted offense level for Count 4 is 37.

Count 5 Guidelines Calculations

c.   Base Offense Level. The parties agree that the base offense level for False Statement in Application for Passport is 8. (U.S.S.G. §2L2.2(a)).

d.   Specific Offense Characteristics. The parties agree that 4 levels are added because Defendant fraudulently obtained a United States passport. (U.S.S.G. §2L2.2(b)(3)(A)).

The parties agree that the total adjusted offense level for Count 5 is <u>12</u>.

<u>Multiple Count Consideration</u>

e.    The parties agree that pursuant to U.S.S.G. §3D1.2(c), the counts are grouped. Likewise, the parties agree that pursuant to U.S.S.G. §3D1.4(c), the total adjusted offense level is the total adjusted offense level for Count 4, which the parties believe is <u>37</u>.

f.    <u>Chapter Three Adjustment for Obstruction of Justice</u>. The parties do not agree that <u>2</u> levels are added because Defendant willfully obstructed or attempted to obstruct or impede the administration of justice with respect to the prosecution of the instant offenses of conviction. U.S.S.G. §3C1.1. The Defendant reserves the right to oppose this increase, but acknowledges that the Government will pursue an increase for Obstruction of Justice.

g.    <u>Acceptance of Responsibility and Other Chapter Three Adjustments</u>. The parties agree that if Defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that Defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b).

h.    <u>Criminal History Category</u>. The parties do not know Defendant's criminal history category. Based on information available at this time, the parties believe that Defendant's criminal history category is I or II. This does **not** constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Pre-sentence Report and by the parties at the time of sentencing.   If it is determined that Defendant's criminal history is more than II, that will not be a basis to withdraw from the plea agreement.

i.    <u>Guidelines Range</u>. The Government believes that Defendant's final adjusted offense level is <u>36</u>. The Defendant believes that his final adjusted offense level is 34.   Set forth below are the advisory Guidelines' ranges depending on the final adjusted offense level and the Defendant's criminal history category.

| Final Adjusted Offense Level | CHC I | CHC II |
|---|---|---|
| 36 | 188 - 235 Months | 210 - 262 Months |
| 34 | 151 – 188 Months | 168 – 210 Months |

The parties understand that the Court will make the final determination of both the total adjusted offense level and criminal history category at the sentencing hearing. The parties reserve the right to argue for a sentence outside of the applicable advisory Guidelines range.

j.   Fine Range. If the adjusted offense level is 36, the fine range is $40,000 to $400,000.   If the adjusted offense level is 34, the fine range is $35,000 to $350,000.

k.   Supervised Release. The Sentencing Guidelines require a term of supervised release of at least five (5) years and up to a life term if a term of imprisonment of more than one year is imposed. U.S.S.G. §§5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k).

7.   **Discretion of the Court.**   The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable advisory Guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this Plea Agreement and Defendant will be sentenced pursuant to the Court's determinations.

8.   **Forfeiture.**   Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a):

a.   any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other

7

matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

b.      any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.      any property, real or personal, used or intended to be used to commit or to promote the commission of such offense. Specifically, the parties agree that Defendant shall forfeit the following to the United States:

(1)      32 GB SanDisk Micro SD Card;

(2)      Compact Flash Card;

(3)      PNY 128GB USB Drive;

(4)      32 GB Flash Drive;

(5)      Simple Tech 96300-41001-140 External Hard Drive;

(6)      Western Digital 1510G External Hard Drive, Serial Number WCAV53007137;

(7)      12 Thumb Drives and 2 SD Cards;

(8)      Samsung Cell Phone, Model SM915V, IMSI 515025533785962;

(9)      Verizon Motorola Cell Phone, Motorola Droid XT912 Razr Maxx, IMSI 515022179891701;

(10)     Generic gray computer tower; and

(11)     5 Compact Discs.

Defendant agrees that this property is subject to forfeiture because the items were used to commit the violations charged in the Indictment. The United States reserves the right to seek the forfeiture of additional property.

9.      **Restitution**.   Defendant understands and agrees that 18 U.S.C. § 2259 and

8

the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, apply and that the Court is required to order Defendant to make restitution to the victims of his crimes. There is no agreement with regard to the amount of restitution. Defendant understands and agrees that the Court may order Defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Indictment or whether the victim is included in the count of conviction.

10.    **Special Assessments**. Under 18 U.S.C. § 3013(a)(2)(A), Defendant is obligated to pay a special assessment in the amount of $100 for each felony count of which Defendant is convicted. Under 18 U.S.C. § 3014, Defendant understands that if he is not indigent, he will be obligated to pay an additional special assessment in the amount of $5000 to the Domestic Trafficking Victims' Fund.

11.    **FOIA Requests.** Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974. 5 U.S.C. §§ 552, 552A.

12.    **Waiver of Appeal**. Defendant understands that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence, as long as that sentence is within the applicable advisory Guidelines range. Additionally, Defendant knowingly and voluntarily waives his right to appeal or collaterally attack his conviction (1) on the ground that the statutes to which Defendant is pleading guilty are unconstitutional; and (2) on the ground that his admitted conduct does not fall within the

scope of the statutes. Defendant has discussed these rights with his attorney. Defendant understands the rights being waived, and he waives this right knowingly, intelligently, and voluntarily. Similarly, the Government hereby waives all rights to appeal the sentence, as long as that sentence is within the applicable advisory Guidelines range. The Defendant does not waive his right to appeal an assessment pursuant to 18 U.S.C. § 3014.  Further, the Defendant does not waive his right to appeal restitution on the basis of the Defendant's indigence.

13.   **Sex Offender Registration**.   Defendant understands that by pleading guilty, he may be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d).  Defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

14.   **Complete Agreement**. This Plea Agreement, along with any agreement signed by the Parties before entry of plea, is the entire agreement and understanding between the United States and Defendant. There are no other agreements, promises, representations, or understandings.

Dated:  9/13/19

ERICA H. MacDONALD
United States Attorney


BY: CAROL M. KAYSER
ANGELA MUNOZ-KAPHING
Assistant United States Attorneys

10

Dated:  9/13/2019


_____
GARY JAMES DOKULIL
Defendant


Dated:
9-13-19
_____
THOMAS J. PLUNKETT
Attorney for Defendant

11